# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* WILLIAMS, Minors.

UNPUBLISHED
April 4, 2017

No. 334420
Kent Circuit Court
Family Division
LC No. 15-051944-NA
15-051945-NA
15-051946-NA

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Respondent-mother appeals as of right the trial court order terminating her parental rights to the minor children, DEW, JW, and NW, under MCL 712A.19b(3)(a)(*ii*), (c)(*i*), and (g). We affirm.

As a threshold matter, we note that mother does not challenge the trial court's finding that statutory grounds for termination of parental rights existed. Thus, we assume that mother has abandoned any claim of error with respect to the trial court's statutory-grounds findings and that the trial court did not clearly err with respect to its statutory-grounds determination.[1] *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1998), overruled in part on other grounds by *In re Trejo*, 462 Mich 341, 353, 353 n 10; 612 NW2d 407 (2000).

Mother's sole argument on appeal is that termination of her parental rights was not in the minor children's best interests. We disagree.

---

[1] We note that it appears from a review of the record that the trial court clearly erred by relying on MCL 712A.19b(3)(a)(*ii*) as a ground for terminating mother's parental rights. Nonetheless, any error in this respect is harmless because the trial court did not clearly err in finding that the remaining statutory grounds were proven by clear and convincing evidence, and only one statutory ground is necessary to support termination. *In re Powers Minors*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

-1-

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts Minors*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court "review[s] for clear error both the court's decision that a ground for termination has been proven by clear and convincing evidence and, where appropriate, the court's decision regarding the child's best interest." *In re Trejo*, 462 Mich at 356-357, abrogated by statute on other grounds as stated in *Moss*, 301 Mich App at 83, 88. "A circuit court's decision to terminate parental rights is clearly erroneous if, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *In re JK*, 468 Mich 202, 209-210; 661 NW2d 216 (2003).

The child, not the parent, is the "focus" at the best-interest stage, *In re Moss*, 301 Mich App at 87, and "the trial court has a duty to decide the best interests of each child individually," *In re Olive/Metts Minors*, 297 Mich App at 42. A court may consider the entire record when making its best-interest determination. *In re Trejo*, 462 Mich at 354. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App at 41-42 (citations omitted). A parent's degree of cooperation with the visitation portion of the family plan and the quality of the parent-child contact during visitation may be considered. *In re BZ*, 264 Mich App 286, 301; 690 NW2d 505 (2004). The trial court may also consider the length of time that a child was placed in foster care or with relatives and the likelihood that the child could be returned to the parents' home in the foreseeable future, considering the child's need for "a permanent, safe, and stable home." *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012). In addition, the trial court may consider whether a child is thriving in foster care and whether the foster parents wish to adopt the child. *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011).

Here, the trial court considered the best interests of each child individually, although there were naturally many overlapping factors between the three children. *In re Olive/Metts Minors*, 297 Mich App at 42.

With respect to DEW, during the years preceding the initiation of the instant proceedings, mother lived in Arkansas while DEW, JW, and NW lived with father in Michigan. There was minimal contact between mother and the children during that time. DEW testified that she had only seen mother a total of one or two times during the previous three years and that mother did not call the children. DEW no longer turned to mother for support because they argued so much. To the extent that father may have been interfering with mother's ability to contact the children, mother never took action or contacted Friend of the Court to establish parenting time. Once the children were removed from father's home as part of the instant proceedings and mother returned to Michigan, there were no parenting time visits between mother and DEW. DEW indicated that she did not wish to see mother. However, the caseworker reported that mother also stated that she had no interest in seeing DEW. Mother did not seek to improve the relationship with DEW. The caseworker did not believe that there was a bond between DEW and mother. Furthermore, mother did not allow the caseworker to assess her home as required, so it was unclear whether

mother's home was adequate for three additional children to move in. The evidence also established that DEW thrived in foster care. She was doing well in school, and she testified that she felt supported, no longer felt like she had to be "the mother," and could enjoy being a normal teenager. The foster parents with whom DEW and JW were placed were interested in adopting all three siblings. In light of the fact that DEW was 16 years old and had been removed from both her mother's and father's care on more than one occasion in her life, she had a strong need for permanency, stability, and finality, and her foster home was clearly advantageous over the home of either mother or father. Thus, the trial court did not clearly err by determining that terminating mother's parental rights was in DEW's best interests. *In re Olive/Metts Minors*, 297 Mich App at 41-42; *In re VanDalen*, 293 Mich App at 141.

With respect to JW, mother only attended 3 of the 13 offered parenting time sessions before visitation stopped completely. Mother's last parenting time visit with JW ended in an argument, and JW indicated that she no longer wanted to visit mother. Mother also stated that she was not interested in visiting JW, and mother had not sought to obtain any further parenting time visits with JW as of the time of the termination hearing, which was more than nine months after their last visit. Once parenting time was suspended, mother failed to fully comply with the requirements of the case service plan with respect to her counseling sessions, which would have allowed parenting time to be reinstated had she complied. Mother made unsupervised telephone calls to JW and DEW at a time when parenting time was supposed to be supervised if it occurred, and the conversations ended in arguments. Mother also sent inappropriate text messages to JW and DEW, blaming them for the situation. Moreover, mother refused to participate in parenting classes that were offered to her. Thus, the evidence supports a finding that there was no bond between mother and JW and that mother was unable to parent her. *In re Olive/Metts Minors*, 297 Mich App at 41-42. Mother's infrequent visits with JW and the fact that her interactions with JW only resulted in arguments support the conclusion that termination was in JW's best interests. *In re BZ*, 264 Mich App at 301. Furthermore, JW also was thriving in foster care and expressed her desire to remain with the foster family where she was placed with DEW and where she could be adopted. Thus, the trial court did not clearly err by determining that terminating mother's parental rights was in JW's best interests to provide permanency, stability, and finality. *In re Olive/Metts Minors*, 297 Mich App at 41-42; *In re VanDalen*, 293 Mich App at 141.

With respect to NW, the evidence showed that there also was no bond between mother and NW and that mother had demonstrated an inability to parent him. During mother's last parenting time visit with NW, she tried to get him to tell her about the abuse he endured while with his father. The visit ended when mother called the police after being asked by the agency worker to change the subject. Mother attempted to physically prevent NW from leaving the room where the visit was taking place. She did not attempt to obtain any further visits with NW after this incident, which occurred approximately seven months before the termination hearing was held. Moreover, NW began to exhibit severe behavioral problems, and mother refused to sign consent forms related to his medications and treatment. In the following months, mother never inquired about NW's well-being. When mother had contact with her caseworker, mother would instead only talk about her own grievances. The foster parents where DEW and JW had already been placed were also interested in adopting NW to keep the siblings together. NW indicated that he did not want to live with mother or father, but wanted to live with his sisters in the home of their foster family. Mother failed to comply with the case service plan or make any

-3-

effort that would allow her to have visits with NW or develop any kind of healthy bond with him. *In re BZ*, 264 Mich App at 301. In light of NW's struggles and reaction to the trauma he had experienced as a young child, he needed the permanency, stability, and finality of being able to move toward adoption in a stable family, and thus, the trial court also did not clearly err by finding that termination was in the best interests of NW. *In re Olive/Metts Minors*, 297 Mich App at 41-42.

Affirmed.


/s/ Jane M. Beckering
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello